UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRES COLMINES,

             Petitioner,           CIVIL ACTION NO. 06-CV-10158-DT

      vs.                 DISTRICT JUDGE JOHN CORBETT O'MEARA

                             MAGISTRATE JUDGE DONALD A. SCHEER

ANDREW JACKSON,

             Respondent.

_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  The instant Petition for Writ of Habeas Corpus should be dismissed as Petitioner has shown no violations of his federal constitutional rights.

*   *   *

Petitioner, Andres Colmines, a Michigan prisoner convicted of possession with intent to deliver 650 grams or more of cocaine, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, on January 11, 2006, challenging the validity of his underlying state conviction. Petitioner was convicted after a jury trial in May 1994, in the Wayne County Circuit Court, and was subsequently sentenced to life imprisonment.

Petitioner filed an appeal as of right in the Michigan Court of Appeals and, in an unpublished per curiam opinion dated November 1, 1996, the Court affirmed the conviction. (Docket #176384).  Thereafter, Petitioner filed an application for leave to appeal with the

Michigan Supreme Court, but on August 29, 1997, the Court denied leave to appeal in a standard order (Docket #107845).

In March 1998, Petitioner filed a habeas action in the Eastern District of Michigan (Case No. 98-70594).   In a Report and Recommendation dated July 10, 2000, I recommended that the habeas action be dismissed without prejudice based on Petitioner's failure to exhaust.  In an order dated September 8, 2000, the District Court adopted the Report and Recommendation.

Petitioner filed a Motion for Post Conviction Relief in the trial court on January 10, 2001, raising 7 new issues that had not been presented earlier to the Michigan appellate courts.  A new trial was denied, and the Michigan Court of Appeals (Docket #259203) and Supreme Court (Docket #129090) both subsequently denied relief. In denying the delayed application for leave to appeal, the Michigan Supreme Court stated that Petitioner had failed to meet the burden of establishing entitlement to relief pursuant to MCR 6.508(D).

Petitioner then filed the instant Petition for Writ of Habeas Corpus in this Court asserting the following sixteen grounds for relief:

> 1.   Petitioner was denied his right of confrontation when the trial court refused to order the disclosure of the identity of a confidential  informant, or even conduct an in camera hearing.
>
> 2.   The trial court committed reversible error when it denied Petitioner's pretrial request to produce the confidential informant in order to establish invalid and false statements in the search warrant.

3.      The trial court committed reversible error when it gave the incorrect jury instruction regarding cocaine possession.

4.   The arrest of Petitioner was without probable cause, and accordingly the trial court committed reversible error in not suppressing all the fruits of the illegal arrest.

5.      The trial court committed reversible error in not suppressing statements made by Petitioner where said statements were made pursuant to coercive tactics and/or were made after Petitioner requested an attorney.

6.   The trial court committed reversible error permitting the admission of evidence seized at the Plainview house, where such evidence was seized without a warrant and in the absence of exigent circumstances.

7.      The trial court breached its veil of impartiality in precipitously denying Petitioner's pre-trial motions, and being biased at trial thereby denying him a fair trial.

8.      Petitioner was denied a fair trial and due process where there was insufficient evidence as a matter of law on the question of intent to deliver,

9.      The sentence imposed by the trial court to a mandatory life imprisonment without parole amounts to cruel and usual punishment.

10.  Petitioner was denied a fair trial and due process when the trial court permitted a sleeping juror to participate in rendering a verdict against him.

11.  The trial court committed reversible error when it gave conflicting jury instructions.

12.  The prosecutor committed reversible error by arguing facts not in evidence.

3

13.  The prosecutor denied him a fair trial when he supported his closing argument with  the authority and prestige of his office and that of the police.

14.  Petitioner was denied due process by the cumulative effect of several errors at trial.

15.  Petitioner was denied the effective assistance of trial counsel.

16.  Petitioner was denied the effective assistance of appellate counsel.

Respondent filed an Answer to the Petition on July 24, 2006, contending that none of the issues raised by Petitioner had any merit. Petitioner filed a reply to Respondent's Answer on September 1, 2006.  The case was referred to the undersigned on February 17, 2006.

STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), effective April 24, 1996, significantly changed the manner in which federal courts review habeas petitions. See 28 U.S.C. § 2254.  Pursuant to the amended provisions of § 2254(d), a writ of habeas corpus may not be granted unless the state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In reviewing the petition to determine, pursuant to subsection (2), whether the decision was based on an unreasonable determination of facts, we presume correct the factual findings made by the state court, § 2254(e)(1), and the petitioner may rebut the presumption of correctness only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).

On April 18, 2000, the Supreme Court issued a decision in Williams v. Taylor, 529 U.S. 362 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d) with respect to the effect of federal law.   The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Id. at 412. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 408.  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

THE ISSUES

REFUSAL TO DISCLOSE IDENTITY OF INFORMANT (Ground #1).

Petitioner contends that the trial court erroneously denied his request to disclose the identity of a confidential informant, or for an in camera hearing to determine whether the informant could offer testimony favorable to the defense. This claim liberally interpreted appears to be one which relates to whether the court made proper evidentiary rulings.  It

is well settled that errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding unless they result in a denial of fundamental fairness or of specific constitutional rights.  Walker v. Engle, 703 F.2d 959, 962 (6th Cir. 1983) (citing Bell v. Arn, 536 F.2d 123 (6th Cir. 1976) and Logan v. Marshall, 680 F.2d 11215 (6th Cir. 1982)).  The appraisal of the evidence's probative and prejudicial value is entrusted to the sound discretion of the trial judge.  His appraisal, absent extraordinary circumstances, should not be disturbed.  United States v. Morison, 844 F.2d 1057, 1078 (4th Cir. 1988).

Where disclosure of an informant's identity is essential to a fair determination of a defendant's guilt, the trial court should require disclosure.  Roviaro v. United States, 353 U.S. 53, 60-62 (1957).  In deciding whether to disclose the identity of the informant, the public interest in protecting the flow of information must be balanced against an individual's right to prepare his defense.  Id. at 60-62.  However, if the informant's only activity was to introduce an undercover officer to the defendant, disclosure of the informant under Michigan law is not required.  People v. Tobey, 60 Mich.App. 420, 424 (1975), aff'd 401 Mich. 141 (1977).

In the instant case, the informant's identity was not essential to a fair determination of Petitioner's guilt.  As explained by the Michigan Court of Appeals:

> In this case, the record does not support defendant's claim that the informant was a res gestae witness, or was otherwise "central to [his] prosecution." The basis for defendant's prosecution was the November 10, 1993, police discovery of cocaine inside defendant's automobile and inside the two residences at Plainview and Powers that defendant visited on the date of his arrest. There is no indication in the record that the informant either witnessed or participated in the events of November 10, 1993. We therefore find that defendant failed to

6

> demonstrate a possible need to know the informant's identity, and the court did not err in denying defendant's motion to produce the informant.
>
> People v. Colmines, Mich. App. No. 176384 (November 1, 1996, at p. 1) (internal citations omitted).

Furthermore, Petitioner's claim that his federal constitutional right to confrontation was violated when the prosecution failed to produce the confidential informant to testify against him was explicitly rejected by the United States Supreme Court in Cooper v. California, 368 U.S. 58, 62 n.1 (1967)("Petitioner also presents the contention here that he was unconstitutionally deprived of the right to confront a witness against him, because the State did not produce the informant to testify against him. This contention we consider absolutely devoid of merit"). Because Petitioner failed to show that the refusal of the trial judge to disclose the identity of the confidential informant resulted in a denial of fundamental fairness or of specific constitutional rights, this claim must be rejected as inappropriate for habeas corpus relief.

CHALLENGE TO VERACITY OF SEARCH WARRANT AFFIDAVIT (Ground #2).

Petitioner next claims that he was entitled to the production of the informant for the purpose of challenging the veracity of the factual allegations contained in the search warrant affidavit. Declaring that the informant did not really exist, Petitioner argued that the trial court violated his due process rights when it denied his request to produce the confidential informant.

The Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978) set up a framework to determine whether a defendant was entitled to an evidentiary hearing to challenge the factual statements supporting a search warrant. Since there is a presumption of validity

7

with respect to the affidavit supporting the search warrant, the <u>Franks</u> court determined that:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.
>
> <u>Franks v. Delaware</u>, 438 U.S. at 171-172.

In the instant case, the Michigan Court of Appeals found that Petitioner had failed to make any offer of proof to support his allegation that the informant did not exist.  The appellate court also found that Petitioner had not explained why he was unable to provide the trial court with any supporting affidavits, or reliable statements of witnesses, to  support his assertions.  Since Petitioner had failed to demonstrate that the affidavit supporting the search warrant contained deliberate falsehoods, or was the product of a reckless disregard of the truth, the appellate court determined that he was not entitled to an evidentiary hearing (<u>People v. Colmines</u>, unpublished per curiam opinion at p. 1.)  Because the Court of Appeals' determination on this issue was neither contrary to, nor an unreasonable application of clearly established federal law, Petitioner is not entitled to habeas relief on this claim.

<u>PROCEDURAL DEFAULT BASED ON FAILURE TO OBJECT</u> (Ground #3)

Petitioner maintains that the trial court committed reversible error when it gave an incorrect jury instruction regarding cocaine possession.  The Michigan Court of Appeals

found that this claim was procedurally barred because no objection was made at trial, contrary to Michigan's rule which requires either a contemporaneous objection or request for a curative instruction to preserve such a claim for appeal. See, People v. Grant, 445 Mich 535, 546 (1994).  While counsel for Petitioner objected to the trial court's jury instruction regarding the concept of "knowing possession", he did not contemporaneously object to the instruction insofar as it discussed the concept of "constructive possession", which is the basis of this habeas challenge. The Michigan Court of Appeals ruled that an objection based on one ground was insufficient to preserve an appellate attack based on a different ground.  As a result, appellate review of this issue was waived under Michigan law, absent manifest injustice. See People v. Van Dorsten, 441 Mich 540, 544-545 (1993); People v. Turner, 213 Mich App 558, 573 (1995).  The Michigan Court of Appeals determined that manifest injustice had not occurred and the court refused to consider the jury instruction claim [People v. Colmines, unpublished opinion of Court of Appeals at p. 2).

        When the violation of a valid state procedural rule is relied upon by the state courts to bar appellate review of a federal constitutional claim, a petitioner may only obtain federal habeas relief by demonstrating cause for the default and actual prejudice resulting from the alleged constitutional violation, or by demonstrating that failure to consider the claim will result in a "fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722 (1991); Murray v. Carrier, 478 U.S. at 495-496. Petitioner here has failed to show cause for the defaults. As the United States Supreme Court held in Murray, counsel's ignorance or inadvertence, short of ineffective assistance of counsel, does not constitute cause for a procedural default. Id. at 491.

**9**

Furthermore, failure to consider this claim will not result in a fundamental miscarriage of justice. Petitioner presents no new evidence to show that he is actually innocent of the crime for which he was convicted.  The trial judge's instructions, when viewed as a whole, fairly presented the issues to the jury.  Moreover, to warrant habeas relief because of incorrect jury instructions, a petitioner must show that the instructions, as a whole, were so infirm that they rendered the entire trial fundamentally unfair.  Murr v. United States, 200 F.3d 895, 906 (6th Cir. 2000).  In light of the evidence that the police discovered cocaine inside Petitioner's automobile upon his arrest, as well as inside the two residences he visited on the day of his   arrest, there is little likelihood that Petitioner's conviction amounted to a miscarriage of justice, was fundamentally unfair, or constituted a violation of any specific constitutional right.  Consequently, this claims for habeas corpus relief should be dismissed based upon Petitioner's procedural default.

PROBABLE CAUSE FOR ARREST (Ground #4)

Petitioner alleges that the police lacked probable cause to effectuate an arrest, and that the trial court erred in not suppressing the fruit of the illegal arrest. The United States Supreme Court has held that "[i]t is not disputed that the Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense."  Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). In United States v. Sangineto-Miranda, 859 F.2d 1501, 1508 (6th Cir. 1988), the Sixth Circuit stated:

> A warrantless arrest is justified if, at the time of the defendant's arrest, police officers have probable cause to believe that an offense has been, is being, or will be committed . . . . Probable cause exists where the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent

10

person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense' . . . . The probable cause requirement does 'not demand any showing that such a belief is correct or more likely true than false'. . . .

Probable cause is a 'fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules' . . . . 'The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as fact finders are permitted to do the same - and so are law enforcement officers' . . . . Thus, in determining whether probable cause exists, the trial court must look to the 'totality of the circumstances' . . . and view the facts 'as a whole and in a practical manner.'

U.S. v. Sangineto-Miranda,
859 F.2d 1501, 1508 (6th Cir. 1988).
(Citations Omitted).

With these principles in mind, I am persuaded that probable cause existed to arrest Plaintiff. As pointed out by the Michigan Court of Appeals in rejecting this identical issue, the arresting officers had reliable information from an informant prior to his arrest that Petitioner was trafficking cocaine. The nature and detail of the information supplied by the informant, the informant's past history of reliability, the independent police corroboration of the informant's predictions, and the information gained through several days of police surveillance, when considered in their totality, supported a finding of probable cause for arrest. Since probable cause existed to arrest Petitioner, the trial court properly admitted into evidence the drugs found in the car and residences following the arrest. Consequently, this habeas claim should be rejected as being without merit.

11

<u>VOLUNTARINESS OF PETITIONER'S CONFESSION</u> (Ground #5)

Petitioner next claims that the trial court erred in not suppressing statements he made to the police. He alleges that his statements describing the existence and location of the cocaine (inside his car and inside his house) were the product of coercion, and were made after he had requested an attorney.

The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions against a defendant. <u>Colorado v. Connelly</u>, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question." <u>McCall v. Dutton</u>, 863 F.2d 454, 459 (6th Cir. 1988)

When determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged statement was obtained in a manner compatible with the requirements of the Constitution." <u>Miller v. Fenton</u>, 474 U.S. 104, 112 (1985). Those circumstances include:

1. Police Coercion (a "crucial element")
2, Length of Interrogation
3. Location of Interrogation
4. Continuity of Interrogation
5. Suspect's Maturity
6. Suspect's  Education
7. Suspect's Physical Condition & Mental Health
8. Whether Suspect Was Advised of *Miranda* Rights

Withrow v. Williams, 507 U.S. 680, 693-94 (1993). All of the factors involved in the giving of the statement should be closely scrutinized. Culombe v. Connecticut, 367 U.S. 568, 602 (1961). Without coercive police activity, however, a confession should not be deemed involuntary. Connelly, 479 U.S. at 167 ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause"). The burden of proving that a confession was obtained involuntarily rests with the petitioner. Boles v. Foltz, 816 F.2d 1132, 1136 (6th Cir. 1987). Voluntariness need only be established by a preponderance of the evidence. Id.

Following an evidentiary hearing on Petitioner's pre-trial motion to suppress statements given to the police, the trial court determined that the statements were freely and voluntarily made. The Michigan Court of Appeals upheld the trial court's ruling in an comprehensive opinion which applied the state statute to the facts and circumstances of the case. Applying a clear error standard of review, the Court of Appeals found that the trial court did not err in denying Petitioner's motion to suppress his statements to the police:

> Next, we reject defendant's claim that his two statements describing the existence and location of the cocaine (inside his car and inside his house) were "the product of coercion" and, therefore, involuntary. Although some of the officers had their weapons drawn as they approached defendant's vehicle in order to effect the arrest, the record is devoid of any evidence that the weapons were drawn for non-precautionary purposes. Moreover, the statements at issue were made after defendant was removed from his vehicle and advised of his constitutional rights; Sgt. McNamara testified that the other officers no longer had their weapons drawn at this point. Notably, defendant presented no contrary testimony. Thus, the record does not indicate that the weapons were drawn for the purpose of coercing defendant or extracting a statement. Accordingly, the totality

13

> of circumstances leads us to conclude that defendant's
> statements were freely and voluntarily made.
>
> Regarding defendant's claim that the police acted improperly
> by continuing to question him after he invoked his right to
> counsel, defendant does not identify in his brief any
> statement that allegedly was erroneously admitted in
> violation of this rule. Accordingly, we have no basis for
> considering this claim.
>
> People v. Colmines, Mich. App. No. 176384 (November 1,
> 1996) (internal citations omitted).

Considering the totality of circumstances in this case, I am persuaded that the state court properly determined that Petitioner's statements to police were freely and voluntarily made.

The record reveals that there was no coercive police activity. At the Walker hearing on Petitioner's motion to suppress, police officers testified that they did not physically abuse or threaten Petitioner. This testimony was uncontradicted. Moreover, he was advised of his constitutional rights by the police and waived those rights. Despite Petitioner's limited education, he understands English and was mature enough to answer responsively following the police officer's explanation of his constitutional rights. The record also supports the Michigan Court of Appeals' determination that Petitioner did not identify in his appellate brief any statement that allegedly was erroneously admitted after he invoked his right to counsel.

Contrary to Petitioner's assertion that the Michigan state courts erroneously found that his waiver was intelligently and knowingly made, I am persuaded that the Michigan courts' decision was an "objectively reasonable" application of clearly established United States Supreme Court precedent and was not based upon an

**14**

unreasonable determination of facts following the evidentiary hearing.  Petitioner is thus

not entitled to habeas relief on this claim.

<u>SEARCH AND SEIZURE</u> (Ground #6)

Petitioner claims that his Fourth Amendment rights against unreasonable

searches and seizures were violated.  He argues that the trial court erred in admitting

evidence seized from a warrantless search of his residence in the absence of exigent

circumstances.

The general rule, however, is that federal courts will not review a Fourth

Amendment claim in a habeas petition if the petitioner "has had an opportunity for full

and fair litigation of that claim in the state courts." <u>Cardwell v. Taylor</u>, 461 U.S. 571, 572

(1983); <u>Stone v. Powell</u>, 428 U.S. 465, 482 (1976). The applicable test is two pronged.

First, the state must have a procedural mechanism which, in the abstract, presents an

opportunity to raise the issue.  Second, the habeas court must be able to conclude that

the "presentation of the claim was in fact  frustrated because of a failure of that

mechanism." <u>Riley v. Gray</u>, 674 F.2d 522, 526 (6th Cir.), <u>cert</u>. <u>denied</u>, 459 U.S. 948

(1982).

In the instant case, the Michigan Courts reviewed Petitioner's Fourth Amendment

claim thoroughly.  Petitioner has not shown that Michigan's procedural mechanism, in

the abstract, did not present the opportunity to raise a Fourth Amendment claim.

Moreover, Petitioner has not established that efforts to raise the claim were, in fact,

frustrated in his case.  While Petitioner may be disappointed with his inability to

persuade the Michigan courts of his position, the record shows that he received all the

process he was due.  Since the Petitioner was afforded a full and fair opportunity to

litigate his Fourth Amendment claim in the state courts, he is not entitled to review of

that claim in a habeas corpus action.

JUDICIAL BIAS (Ground #7)

Petitioner complains that the trial judge was biased against him.  He alleges that

the trial court breached its veil of impartiality by precipitously denying his pretrial

motions and preventing him from calling additional witnesses at the pretrial evidentiary

hearing.  As the Michigan Court of Appeals noted in rejecting this identical claim on

direct appeal:

> Next, we believe that the record does not support
> defendant's claim that he was improperly prevented from
> calling additional witnesses at the pretrial evidentiary
> hearing. On the contrary, the record indicates that defendant
> was expressly offered an opportunity to call additional
> witnesses, but he elected not to do so. Moreover, while we
> are somewhat troubled by the trial court's preparation of a
> written decision in advance of the evidentiary hearing, we
> conclude that defendant is not entitled to relief for three
> reasons. First, after referring to the written decision, the trial
> court thereafter permitted defendant to present additional
> evidence while remarking that it would "reserve judgment" on
> the matter. Second, at the conclusion of the evidentiary
> hearing, the trial court granted defendant's request to submit
> a brief based on the evidence adduced at the hearing and
> indicated that it would not foreclose the possibility of granting
> the relief requested, if warranted. There is no indication in
> the record that defendant ever submitted the supplemental
> brief. Third, the only witness who testified at the evidentiary
> hearing was Sgt. McNamara. His testimony, standing alone,
> failed to establish grounds for relief, and defendant failed to
> present any contradictory evidence despite being offered the
> opportunity to do so. Under these circumstances, we find
> that appellate relief is not warranted.
>
> Viewed in context, the trial court's comments and conduct at
> trial did not pierce the veil of judicial impartiality so as to
> unduly influence the jury. Thus, defendant was not deprived

of his right to a fair and impartial trial, and defendant is not
entitled to reversal on this basis.

People v. Colmines, Mich. App. No. 176384 (November 1,
1996 at p. 3) (internal citations omitted).

The Sixth Circuit recently considered an allegation of judicial bias in a § 2254 case.

"Because judicial bias infects the entire trial process it is not subject to harmless error

review." Maurino v. Johnson, 210 F.3d 638, 645 (6th Cir.), cert. denied, 531 U.S. 979

(2000); see also Chapman v. California, 386 U.S. 18, 23 (1967). "Instead, the court is

required to assess whether the actions of the judge rose to the level of judicial bias. If

the court determines that the actions resulted in a constitutional violation, then the court

is required to overturn the state court decision. In reviewing claims of judicial bias, this

court is guided by the decision in Liteky v. United States, 510 U.S. 540 (1994)."

Maurino, 210 F.3d at 645.  Liteky, in turn, holds:

> First, judicial rulings alone almost never constitute a valid
> basis for a bias or partiality motion.... Second, opinions
> formed by the judge on the basis of facts introduced or
> events occurring in the course of the current proceedings, or
> of prior proceedings, do not constitute a basis for a bias or
> partiality motion unless they display a deep-seated favoritism
> or antagonism that would make fair judgment impossible.
> Thus, judicial remarks during the course of a trial that are
> critical or disapproving of, or even hostile to, counsel, the
> parties, or their cases, ordinarily do not support a bias or
> partiality challenge. They *may* do so if they reveal an opinion
> that derives from an extrajudicial source; and they *will* do so
> if they reveal such a high degree of favoritism or antagonism
> as to make fair judgment impossible.... *Not* establishing bias
> or partiality, however, are expressions of impatience,
> dissatisfaction, annoyance, and even anger, that are within
> the bounds of what imperfect men and women, even after
> having been confirmed as ... judges, sometimes display. A
> judge's ordinary efforts at courtroom administration--even a

17

stern and short-tempered judge's ordinary efforts at
courtroom administration--remain immune.

Liteky, 510 U.S. at 555-56 (emphases in original).

When this case is examined in light of the standard quoted above, it is clear that the

Michigan Court of Appeals' resolution of Petitioner's judicial bias issue represented a

reasonable application of constitutional law as set forth by the Supreme Court.

Petitioner has failed to establish bias by the trial judge.  A review of the record reveals

that the trial judge did not attempt to chill Petitioner's right to present testimony.  During

the evidentiary hearing, counsel was given the opportunity to present evidence

supporting the defense's assertion that the informant did not exist.  When defense

counsel was unable to produce such evidence, the court correctly concluded that

Petitioner's pretrial motions were without merit. Petitioner's assertions, with nothing

more, do not establish bias, and so this claim should be rejected as being without merit.

SUFFICIENCY OF EVIDENCE AT TRIAL (Ground #8)

    Petitioner claims that the evidence presented at trial was insufficient to convict him of

delivery of more than 650 grams of cocaine.  He maintains that the evidence against

him was circumstantial and that the prosecution did not negate every theory consistent

with innocence.  In In re Winship, 397 U.S. 358, 364 (1970), the Supreme Court held

that the due process clause requires that all criminal convictions be based upon proof

beyond a reasonable doubt.  In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme

Court held that this standard has application in the law of habeas corpus:

[I]n a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

Id. at 324.

In applying this standard in habeas corpus cases, the federal courts must view the evidence in the light most favorable to the prosecution.  The petition must be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319.  See also  Moore v. Duckworth, 443 U.S. 713 (1979); Brewer v. Overberg, 624 F.2d 51 (6th Cir. 1980), cert. denied, 449 U.S. 1085 (1981). As long as there is substantial evidence to support the verdict reached, a federal court may not reverse.  United States v. Chandler, 752 F.2d 1148, 1151 (6th Cir. 1985).

To establish possession with intent to deliver 650 grams  or more under Michigan law, the prosecution must prove: 1) an illegal possession; and, 2) the actual, constructive or attempted transfer of between 650 and 1000 grams of cocaine. MCLA 333.7403(2)(a)(I).  The undersigned is persuaded, after a careful review of the trial record, that the evidence presented by the prosecution established the essential elements of the crime beyond a reasonable doubt.  Taken in the light most favorable to the prosecution, there was sufficient proof offered by the state to support the finding of the jury that Petitioner was in possession of 650 grams or more of a controlled substance (crack cocaine).

As pointed out by the Michigan Court of Appeals, the amount of cocaine involved, the amount of money seized, and the presence of empty "kilo wrappers" was

19

sufficient to enable a rational trier of fact to infer an intent to deliver beyond a reasonable doubt.  The evidence presented by the prosecutor established that Petitioner was in possession of 36 kilos (over 36,000 grams) of powder containing cocaine.  That amount alone was sufficient to establish the intent to deliver 650 or more grams.  The police also recovered over $160,000 dollars, a money counter, and a scale used to weigh the narcotic, again suggesting the possession of 650 or more grams of cocaine.

Petitioner simply attempts to minimize the evidence against him to justify his assertion that there was insufficient evidence to support his conviction. Nonetheless, a rational trier of fact could find guilt beyond a reasonable doubt.  Clearly the state court's resolution of Petitioner's sufficiency claim was not an unreasonable application of the standard of Jackson v Virginia. Under the deferential standard contained in the AEDPA amendments, the state court's conclusion was clearly not unreasonable. Accordingly, this claim should be dismissed as being without merit.

EXCESSIVE SENTENCE (Ground #9)

Petitioner argues that his sentence is disproportionate to his crime and criminal history.  Petitioner relies on People v. Milbourn, 435 Mich 630 (1990) to support his claim. Milbourn established a broad proportionality standard of review of sentences in conjunction with Michigan sentencing guidelines and statutory law, but it did not employ federal constitutional analysis. Thus, Petitioner's claim that his sentence violated the Milbourn proportionality principle is a state law issue not cognizable as a federal habeas claim.  Akins v. Overton, 843 F. Supp. 258, 260 (E.D. Mich 1994).

20

A federal court cannot review the severity of a sentence or the state court's failure to reduce a sentence if the sentence imposed is within statutory limits unless the petitioner alleges an impropriety in the sentencing process itself.  See <u>Gunsoles v. Gudmanson</u>, 724 F.Supp. 624, 629 (E.D. Wis. 1979). The United States Constitution contains no proportionality guarantee.  <u>Harmelin v. Michigan</u>, 501 U.S. 957, 965 (1991). Petitioner has not argued that his sentence exceeded statutory limits, or that there had been any impropriety in the sentencing process itself. Given the severity of the underlying offense (possession with intent to deliver 650 grams or more of cocaine), the sentence imposed (life sentence) does not appear to be disproportionate to the seriousness of the crimes committed.  The claim raises no federal constitutional issues and must be rejected as inappropriate for habeas corpus relief.

<u>PROCEDURAL DEFAULT FOR FAILURE TO RAISE CLAIMS ON DIRECT APPEAL</u>
(Grounds #10 thru #16).

With the exception of the claims raised on direct appeal, the undersigned is persuaded that the habeas grounds presented in Petitioner's January 2001, Motion for Relief From Judgment are procedurally barred from review by this Court because the Michigan Supreme Court, in denying Petitioner's delayed application for leave to appeal, clearly and expressly relied on a valid state procedural rule to bar state appellate review of these federal constitutional claims on their merits, and because Petitioner has failed to show any "cause" which would provide legal justification for the federal court to look beyond the procedural bar imposed by Michigan law.  In order to determine whether the state courts relied on a procedural default, a federal habeas court must look to "the last <u>explained</u> state court judgment."  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 805 (1991).

21

In the instant case, the Michigan Supreme Court relied upon M.C.R. 6.508D to deny the delayed application for leave.  Rule 6.508(D) sets forth three bases for the Court to decline to decide an application on the merits: if an appeal of right or a regular application for leave is available, (D)(1); if the grounds for relief were decided in a prior appeal, D(2); if the grounds could have been raised on appeal before, D(3).  In this case, it is evident that the Court was relying upon the third ground (issues that could have been raised before), as the appeal of right was completed and the claims had not been raised.

The Michigan Supreme Court's order expressly imposing a procedural bar on state law grounds remains the last explained state court judgment in this case. The Supreme Court's reference to M.C.R. 6.508(D), although brief, is a sufficient statement of a state procedural ground to constitute an "explained" state court judgment.  See Coleman v. Thompson, 501 U.S. 722, 739 (1991) ("we have no power to tell state courts how they must write their opinions.  We will not impose on state courts the responsibility for using particular language in every case"). Thus, Petitioner here has failed to obtain a decision on the merits from the state's highest appellate court on all but three of the constitutional claims. In light of that Court's reliance on Rule 6.508(D), Petitioner is barred from raising these issues in the instant habeas action.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Simpson v. Jones, 238 F.3d 399, 407 (6th Cir. 2000) ("[S]ince the Michigan Supreme Court was the last state court rendering judgment in the case, its decision denying [the petitioner's] claims on the basis of a state procedural bar prevents federal habeas review").

22

Petitioner has not established cause to excuse his procedural default. He has not alleged that some objective factor external to his defense prevented his appellate counsel from raising these issues during Petitioner's appeal of right. Nor can Petitioner claim now, for the first time, that his appellate counsel was ineffective for failing to raise these claims. Before such an argument may be advanced to establish cause to excuse a procedural default, it must be exhausted as a separate claim in the state courts. Murray v. Carrier, 477 U.S. 478, 488-489 (1986); Jones v. Toombs, 125 F.3d 945, 947 (6th Cir. 1997). Petitioner has not exhausted such a claim, and so he cannot use it here to establish cause.

There is no need to determine whether Petitioner can meet the prejudice prong of the "cause and prejudice" test because he has clearly failed to establish cause. Smith v. Murray, 477 U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983).

Nor can Petitioner show that failure to review his claims will result in a fundamental miscarriage of justice. This narrow exception must accompany a credible claim of factual innocence. Schlup v. Delo, 513 U.S. 298, 315 (1995). To assert a credible claim of innocence, a petitioner must "support allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 323. As Petitioner has not challenged his conviction through an offer of new evidence, he cannot establish a fundamental miscarriage of justice.  Therefore, this Court may not review the merits of Petitioner's defaulted claims because Petitioner failed to satisfy the state procedural requirements of M.C.R. 6.508(D). Given Petitioner's

failure to establish cause and actual prejudice, or a fundamental miscarriage of justice. I am persuaded that grounds #10 thru #16 of the instant petition should be dismissed based upon Petitioner's procedural default.

For all of the above reasons, I find that there is no substantial showing of any violation of Petitioner's constitutional rights, and no basis under the highly deferential standard of the AEDPA to find any unreasonable application of clearly established federal law by the state trial courts in this case. Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus be dismissed.  The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge O'Meara's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 8, 2006

---

## CERTIFICATE OF SERVICE

I hereby certify on September 8, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 8, 2006.  **Andres Colmines.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217